# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| SHAWN C. SIMON, | : | Case No. 2:23-cv-461 |
| Petitioner, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WARDEN, BELMONT CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a prisoner at the Belmont Correctional Institution, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion for a stay and abeyance. (Docs. 11, 13). Respondent opposes the motion. (Doc. 12). For the reasons stated below, the undersigned recommends that petitioner's motion for a stay and abeyance be granted.

Petitioner challenges his 2020 Gallia County, Ohio, convictions and sentence for possession of drugs and trafficking in drugs. (*See* Doc. 1, at PageID 2; Doc. 8, at PageID 1075). Petitioner raises the following thirteen grounds for relief in his petition:

> **GROUND ONE (A):** The trial court erred when it accepted Simon's Waiver of counsel that was not made knowingly and intelligently;
>
> **GROUND TWO (B):** The trial court erred when in failing to Sua Sponte Order a Competency Evaluation;
>
> **GROUND THREE (C):** Petitioner was denied a fair trial when an Ohio court allowed a defendant to continue to represent themselves after it has been made clear to the court that the defendant is not equipped for the task and pursues a "Sovereign Citizen" defense?

**GROUND FOUR (D):** Whether Article I, Section 10 of the Ohio Constitution provide a constitutional right to hybrid representation?

**GROUND FIVE (E):** When stand-by counsel is appointed to a defendant who chooses to represent themselves, what are the duties and responsibilities of the appointed stand-by counsel?

**GROUND SIX (F):** Appellate counsel failed to raise issues with Ineffective Assistance of court appointed stand-by where stand-by counsel failed to assist defendant in preparing for trial, during trial, during the sentencing phase of these proceedings, counsel's assistance was deficient;

**GROUND SEVEN (G):** Appellate counsel failed to raise issues with the denial of a fundamental fair trial as a result of court appointed stand-by counsel's ineffectiveness where stand-by counsel failed to discuss valid defenses or defenses with defendant might be considering at trial. In failing to have these discussions with the defendant might be considering at trial. In failing to have these discussions with the defendant and remaining silent during the proceedings while the defendant proceeded with a "Moorish Sovereign" citizen, "Quantum Language Syntax" defense. This violated the defendant's right to a fundamentally fair trial and due process under both the Ohio Constitution and the United States Constitution;

**GROUND EIGHT (H):** Appellate counsel raised the competency issue decided by the court under the wrong standard, the competency issue should have been raised under competency to represent himself not competency to stand trial;

**GROUND NINE (I):** The trial court abused its discretion, erred as a matter of law, and violated the Sixth and Fourteenth Amendments of the United States Constitution where it allowed appellant to represent himself at the suppression hearing without substantially complying with Crim.R.44(A) by failing to make a sufficient inquiry to determine whether appellant fully understood and knowingly, intelligently relinquished his right to counsel.

**GROUND TEN (J):** Petitioner was unavoidably prevented from discovering the evidence relating to the Terry Stop that could have been used during the suppression hearing, due to: (1) the trial court failed to order the prosecutor or defense counsel to provide discovery, that was necessary for an adequate presentation of a defense and mitigation, during the suppression hearing proceeding, to the petitioner at any time after the trial court granted petitioner's request to represent himself at the suppression hearing, (2) prosecutor Misconduct where the prosecutor intentionally withheld discovery from petitioner, after the court granted petitioner's request to represent himself at the suppressing hearing,

which constitutes a Brady violation; and (3) Ineffective assistance of counsel where counsel failed to provide petitioner with discovery after the court granted petitioner's motion to represent himself. Thus, the trial court's failure violated Brady rule and the Due Process Clause of the United States Constitution;

**GROUND ELEVEN (K):** Petitioner was unavoidably prevented from discovering the evidence relating to the Terry Stop Due to the Failure of the trial court to order the prosecuting attorney and Defense counsel to provide him with discovery after the court granted petitioner's request to represent himself, thereby denying due process of law as guaranteed by Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution;

**GROUND TWELVE (L):** Petitioner was unavoidably prevented from discovering the evidence relating to the Terry Shop due to Prosecutor Misconduct where the prosecutor intentionally withheld and/or suppressed the evidence showing that Trooper Kuehue did not issue any traffic citations for the alleged traffic violation by failing to provide Petitioner with discovery after the trial court granted Petitioner's request to represent himself at the suppression hearing, all which deprived petitioner of his right to a fair trial and due process of law as guaranteed by the Constitution of the State of Ohio and the United States of America;

**GROUND THIRTEEN (M):** Petitioner was unavoidably prevented from discovering the evidence relating to the Terry Shop regarding the Trooper's failure to issue a Traffic Citation, was due to Defense Counsel's failure to provide petitioner with discovery that was provided to him by the prosecutor, after trial court granted petitioner's request himself at the suppression hearing.

(Doc. 1, at PageID 7-8).

Respondent contends that Grounds Two through Thirteen of the petition are unexhausted and procedurally defaulted. (Doc. 8, at PageID 1093-1103; *see also* Doc. 12, at PageID 1127-28). In his motion for stay (Doc. 11, at PageID 1121-22), petitioner asserts that he raised Grounds Eleven through Thirteen in a delayed post-conviction motion in the Gallia County Court of Common Pleas, which was denied and is currently pending in the Ohio Court of Appeals in Case No. 23 CA 3.[1]

---

[1] The Ohio Court of Appeals' electronic docket for Case No. 23 CA 3 may be viewed at:

3

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481

---

https://eaccess.gallianet.net/eservices/searchresults.page?x=nRDxjw1ORZmIFDUoeMdk0hylDxxD9T3O2F3E2yzC960885pGpYdeVC1xJLtd3k2oxht0h2hP4ecbjRcA*mz*Lg. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77

5

(quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine as follows:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, however, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective

6

assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court held that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust the grounds for relief currently raised in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court. At this point in the proceedings, the Court cannot conclude that petitioner's unexhausted claims are "plainly meritless"[2] or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion (Doc. 11) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be

---

[2]"Under the law of this Circuit, a claim with at least a colorable basis is not plainly meritless." *Floyd v. Forshey*, No. 4:21-CV-02068, 2023 WL 4267601, at *6 (N.D. Ohio June 29, 2023) (citing *Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017)).

conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[3]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

IT IS SO RECOMMENDED.

January 30, 2024                                      *s/ Elizabeth A. Preston Deavers*
                                                                      ELIZABETH A. PRESTON DEAVERS
                                                                      United States Magistrate Judge