UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| SHAWN C. SIMON, | : | Case No. 2:23-cv-461 |
| Petitioner, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WARDEN, BELMONT CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on petitioner's unopposed motion to reinstate this habeas corpus action (Doc. 17), which was administratively stayed and terminated on the Court's active docket on February 23, 2024, while petitioner exhausted his state-court remedies (*see* Docs. 14, 15). The matter is also before the Court on petitioner's motion for leave to amend his habeas corpus petition (Doc. 16) and his motion for an Order directing respondent to supplement the record with police cam video (Doc. 18).

It appears that petitioner has now exhausted all available state-court remedies and complied with the requirements of the stay. (*See* Doc. 17, at PageID 1150). It is therefore **RECOMMENDED** that petitioner's unopposed motion for reinstatement of this action (Doc. 17) be **GRANTED**. Further, the Order entered on February 23, 2024, administratively staying the action and terminating the case on the Court's active docket (Doc. 15), should be **VACATED**.

Next, however, the remaining two motions should be **DENIED**. As for the motion to amend (Doc. 16), the Court granted the stay in this matter to allow petitioner to exhaust three

claims (Grounds Eleven through Thirteen) that were already contained in his petition.  (*See* Doc. 14, at PageID 1138).  Further, petitioner has not attached any new claims to his motion to amend.  His motion to amend (Doc. 16) is therefore unnecessary and should be **DENIED as moot.**

As for the motion for an Order directing respondent to supplement the record with police cam video (Doc. 18), respondent has provided a state-court record in this case consisting of over 1000 pages, including 643 pages of trial transcripts.  (*See* Doc. 7).  Further, respondent has argued that all but one of petitioner's thirteen grounds for relief—Ground One, which relates to petitioner's waiver of trial counsel—are procedurally defaulted.  (*See* Doc. 8).  Petitioner has not yet filed a reply to respondent's answer/return of writ.

At this time, petitioner's motion for an Order directing respondent to supplement the record with police cam video (Doc. 18) should be **DENIED without prejudice** to renew, as necessary, after any Order by the Court adopting this Report and Recommendation and reopening the case, and after petitioner has had the opportunity to file a reply to respondent's answer/return of writ.  In this regard, any Order adopting this Report and Recommendation should **GRANT** petitioner **twenty-one (21) days** after the date of the Order in which to file and serve a reply to the answer/return of writ.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's unopposed motion for reinstatement of this action (Doc. 17) be **GRANTED** and that the Court's Order entered on February 23, 2024, administratively staying the action and terminating the case on the Court's active docket (Doc. 15) be **VACATED**.

2. Petitioner's motion for leave to amend (Doc. 16) be **DENIED as moot**.

3. Petitioner's motion for an Order directing respondent to supplement the record with police cam video (Doc. 18) be **DENIED without prejudic**e.

4. Petitioner be **GRANTED twenty-one (21) days** from the date of any Order adopting this Report and Recommendation to file and serve a reply to the answer/return of writ (Doc. 8).

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

IT IS SO RECOMMENDED.

January 22, 2025                                           *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge